UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTOINE ROBINSON,<br><br>Defendant. | Criminal Action No. 16-153-2 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Defendant Antoine Robinson has filed a *pro se* motion for compassionate release. Motion for Reconsideration for Compassionate Release Based on Extraordinary and Compelling Reasons Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Def.'s Mot."). Defendant moves for reconsideration of his earlier motion for compassionate release, Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 225, which was denied because defendant failed to establish "extraordinary and compelling reasons" to justify reducing his sentence, Min. Order (June 24, 2020). Defendant alleged that he had diabetes and hypertension, but medical records belied that assertion, and the Court found that he had failed to show that he suffered from any condition that would place him at heightened risk from COVID-19. *Id.*

Defendant now moves for reconsideration, presenting new evidence to support his claim that "extraordinary and compelling reasons" justifying compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(1)(A). Defendant argues that a newly-raised COVID-19 risk factor (obesity) puts him at heightened risk from COVID-19 and that an increase in COVID-19 cases at Allenwood Low-Security Federal Correctional Institution ("Allenwood Low FCI"), where he is incarcerated, indicates that his risk of infection is particularly high. Def.'s Mot. at 2–

1

5. The government opposes defendant's motion, arguing that he has failed to establish "extraordinary and compelling" reasons for a reduced sentence and that, even if he had, the sentence reduction he requests is not warranted under consideration of the 18 U.S.C. § 3553(a) sentencing factors. Gov't's Opp'n to Def.'s *Pro Se* Mot. for Compassionate Release ("Gov't's Opp'n") at 7–10, ECF No. 235.

For the reasons given below, defendant's motion is denied.

## I.     BACKGROUND

Defendant participated in a large identity theft and false tax refund conspiracy that included over 130 individuals and sought over $42 million in fraudulently claimed income tax refunds. Presentence Investigation Report ("PSR") ¶ 26. The co-conspirators filed over 12,000 fraudulent federal income tax returns using stolen means of identification, including names and social security information stolen from nursing home residents, among others. *Id.* ¶¶ 26–28. Defendant participated in this scheme from September 2008 through November 2013, and the attributable loss due to defendant's actions was over $3 million. *Id.* ¶¶ 35, 44.

Defendant pled guilty on May 5, 2017 to a three-count Superseding Information charging him with Conspiracy to Commit Theft of Public Money, in violation of 18 U.S.C. § 371; Theft of Public Money, and Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. §§ 641 and 2; and Fraud and Related Activity in Connection with Identification Information, and Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. §§ 1028(a)(7) and 2. Min. Entry (May 5, 2017) (sealed). On December 13, 2019, defendant was sentenced to 50 months of incarceration, followed by 36 months of supervised release. Min. Entry (Dec. 13, 2019) (sealed). Defendant was further ordered to pay $3,071,502.99 in restitution jointly and severally with his co-conspirators. *Id.*

## II.     APPLICABLE LEGAL STANDARDS

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed;' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). As originally enacted, one such exception, codified in 18 U.S.C. § 3582(c)(1)(A), empowered the BOP Director to "petition the court for a reduction in sentence . . ." and gave courts the authority to grant those petitions if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," *id.*, they found "that the reduction was justified by 'extraordinary and compelling reasons.'" S. Rep. 98-223, at 118; *see also* Pub. L. No. 98-473, Title II, § 212(a)(2). The First Step Act of 2018, Pub. L. No. 115-391, expanded the exception in section 3582(c)(1)(A) to authorize a defendant directly to file a motion for such compassionate release with the court after exhausting any "administrative rights to appeal a failure of the Bureau of Prisons to bring a [compassionate release] motion" on his behalf or he waits at least "30 days" after he delivers his request for compassionate release to "the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A).

In resolving motions for compassionate release, the court may only reduce a term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," *id.*, and upon making two findings: first, that "extraordinary and compelling reasons warrant such a reduction," *id.* § 3582(c)(1)(A)(i);[1] and, second, "that such a reduction is

---

[1] Though not relevant to the instant motion, the court may also reduce a prisoner's sentence if he is "at least 70 years of age" and has served at least 30 years in prison, when BOP has determined "that the defendant is not a danger to the safety of any other person or the community, as provided under [18 U.S.C. §] 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii).

consistent with applicable policy statements issued by the Sentencing Commission," *id.* § 3582(c)(1)(A).[2]

The Sentencing Commission's policy statement at U.S.S.G. § 1B1.13, which was last substantively amended by the Commission on November 1, 2016, applies to motions for reduction of terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A), and provides guidance on both of the statutorily required findings.[3]  It states that a reduction of a term of imprisonment may be warranted, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," when the court makes three determinations: (1) "extraordinary and compelling reasons warrant the reduction," or the defendant meets certain age and a minimum incarceration period, U.S.S.G. § 1B1.13(1)(A)–(B); (2) the defendant poses no danger to the safety of any other person or the community, *id.* § 1B1.13(2); and (3) "the reduction is consistent with [the] policy statement," *id.* § 1B1.13(3).  The commentary to this policy statement describes four "circumstances" that satisfy "extraordinary and compelling reasons warrant[ing] the reduction," including "[o]ther [r]easons" found by the BOP Director to present an extraordinary and compelling reason "other than, or in combination with," the reasons specified in the policy statement, *id.* § 1B1.13, cmt. n.1(D).[4]  This Court has recognized elsewhere that the current

---

[2]     The Sentencing Commission is tasked, in its organic statute, with promulgating general policy statements regarding "the sentence modification provisions set forth in section [] . . . 3582(c) of title 18," 28 U.S.C. § 994(a)(2) and "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples," *id.* § 994(t).

[3]     U.S.S.G. § 1B1.13 has not been updated since the enactment of the First Step Act, due to the lack of a voting quorum on the U.S. Sentencing Commission.  *See* U.S. Sent'g Comm'n, Annual Report, at 3 (2019), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2019/2019-Annual-Report.pdf.  Consequently, this policy statement is framed to provide guidance in resolving a "motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A)." U.S.S.G. § 1B1.13.  Nonetheless, this policy statement provides guidance in resolving compassionate release motions filed directly by defendants and must be considered to ensure any reduction is at least "consistent with" this applicable policy statement.  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Tobias*, Crim. Action No. 19-143 (BAH), 2020 WL 4673414, at *4 (D.D.C. Aug. 12, 2020).

[4]     The other three "extraordinary and compelling" circumstances described in the commentary to U.S.S.G. § 1B1.13 are not invoked and have no relevance here.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A)-(C) (describing defendant, who "is suffering from a terminal illness" or has chronic and "substantially diminish[ed] . . . ability . . . to provide

global pandemic may, in some circumstances, "present[] such an 'other reason.'" *United States v. Tobias*, Crim. Action No. 19-143 (BAH), 2020 WL 4673414, *4 (D.D.C. Aug. 12, 2020) (alteration in original) (quoting *United States v. Morris*, Crim. Action No. 12-154 (BAH), 2020 WL 2735651, *7 (D.D.C. May 24, 2020)).

### III.   DISCUSSION

Defendant now moves for reconsideration, contending that the requisite "extraordinary and compelling" reasons justifying a reduced sentence, 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(c)(1)(A), are present in his case for two new reasons: a newly raised COVID-19 risk factor (obesity) and an increase in COVID-19 cases at Allenwood Low FCI, where he is incarcerated. Def.'s Mot. at 2–5. Defendant further argues, apparently in reference to the 18 U.S.C. § 3553(a) factors, that because he "is not a risk to the community," "has used his time wisely and productively" while incarcerated, and has "maintain[ed] clear conduct," he is an "ideal candidate for compassionate release." *Id.* at 12–13. He further asserts that he has served "almost 50% of his sentence." *Id.* at 12.

#### A.   **Extraordinary and Compelling Reasons for Release**

The government responds to defendant's assertion of extraordinary and compelling reasons for release by arguing (1) that "the record here is insufficient" to establish that defendant is obese, (2) that COVID-19 is being adequately managed at defendant's facility, and (3) that defendant has failed to establish that he is unable to manage his obesity such that he is actually at heightened risk from COVID-19. Gov't's Opp'n at 7–9.

---

self-care" within the prison environment; who is at least 65 years old, with a serious deterioration in physical or mental health, after serving at least 10 years or 75 percent of the prison term, "whichever is less;" or for whom "[f]amily [c]ircumstances" involve "[t]he death or incapacitation of a caregiver of the defendant's minor child or minor children" or the incapacitation of the defendant's spouse or registered partner "when the defendant would be the only available caregiver for the spouse or registered partner").

The first statement is wrong and the second is unconvincing. Defendant's medical records—submitted by the government in opposition to his first motion for compassionate release—plainly state that he is 72 inches tall and weighs 233 pounds. Gov't's Opp'n to Def.'s Mot. for Compassionate Release, Ex. A at 30, ECF No. 228 (sealed). This means that defendant has a Body Mass Index of 31.6, and is in fact obese. *See Calculate your Body Mass Index*, National Institutes for Health, https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm. The government further concedes that 301 inmates at Allenwood Low FCI have tested positive for COVID-19, even if 288 have already recovered. Gov't's Opp'n at 9. This population is one-third of the roughly 900 inmates at the facility and hardly suggests that COVID-19 is being "adequately managed." *See id.*; *FCI Allenwood Low*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/alf/ (stating that the facility has 889 total inmates). As for the third argument, defendant represents that he has consistently struggled with his weight, and both his medical records and the PSR indicate that he is, and has been, obese. Gov't's Opp'n to Def.'s Mot. for Compassionate Release, Ex. A at 30; PSR ¶ 115.

The government concedes that obesity has been identified by Centers for Disease Control and Prevention ("CDC") as a factor that "increases [the] risk of severe illness from COVID-19," Gov't's Opp'n at 7–8 (quoting *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2F), and that this may constitute an "extraordinary and compelling" reason for release under U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The Court agrees and finds that "[d]efendant's susceptibility to the worst effects of the disease mean that his medical conditions 'diminish[]' his ability 'to provide self-care within the' prison

environment in the midst of the current pandemic." *Morris*, 2020 WL 2735651, at *7 (citing U.S.S.G. § 1B1.13).

### B. Consideration of the 18 U.S.C. § 3553(a) Factors

The government's argument on the § 3553(a) factors is more compelling. At the outset, the government does not appear to contest that "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Defendant filed his initial motion for compassionate release a mere four months into his 50-month term of incarceration for his significant role in a tax fraud scheme involving identity theft and the loss of millions of dollars. Gov't's Opp'n at 10. The government argues that even though defendant has now served just over 12 months of his sentence, a reduced sentence would "absolve Defendant of real punishment for his wrongdoing and contravene the need for the sentence to 'reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" *Id.* (quoting 18 U.S.C. § 3553(a)(2)(A)). As the government notes, he has served only a fraction of his sentence, and "still far less than 50% of his projected term of incarceration." *Id.* It is unclear how defendant has concluded that he has "served almost 50% of his sentence," *see* Def.'s Mot. at 12, and he provides no calculation of good-time credits to suggest that he has served anywhere near half of his sentence.

Given the seriousness of defendant's offenses and the scale of the fraud in which he participated, the Court finds that the greatly decreased sentence he requests would fail "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). It would also fail "to afford adequate deterrence to criminal conduct." *Id.* § 3553(a)(2)(B). Such a reduced sentence reduction is therefore foreclosed by 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.

7

## IV. CONCLUSION AND ORDER

The reduced sentence defendant requests under 18 U.S.C. § 3582(c)(1)(A) is unwarranted considering the sentencing factors set forth in 18 U.S.C. § 3553(a).

Accordingly, it is hereby

**ORDERED** that defendant's Motion for Reconsideration of Compassionate Release Based on Extraordinary and Compelling Reasons Pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED.**

**SO ORDERED.**

Date: February 25, 2021

_____
BERYL A. HOWELL
Chief Judge